IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. AP-74,593






KEVIN WATTS, Appellant



v.



THE STATE OF TEXAS






APPEAL FROM 


BEXAR COUNTY






 Per Curiam.



 On February 13, 2003, the appellant was convicted of capital murder, (1) an offense that
occurred on March 1, 2002. Pursuant to the jury's answers to the special issues set forth in Code
of Criminal Procedure Article 37.071, Sections 2(b) and 2(e), the trial court sentenced the
appellant to death. (2) Direct appeal to this Court is automatic. (3) The appellant raises three points of
error. We affirm.

 The first point of error in the appellant's brief complains that "the trial court erred (abuse
of discretion standard) when during the punishment phase it admitted evidence of [his] future
membership in a black racist prison gang against [him] in violation of Dawson v. Delaware, 503
U.S. 159 . . . (1992) (constitutional error to admit evidence of defendant's membership in white
racist prison gang where that evidence was not relevant to any issue being decided at the
punishment phase)." The appellant complains that during punishment, "the State was allowed
over objection to show the jury a hand written letter from [him] written from the Bexar County
Adult Detention Center while [he] was awaiting trial." He also complains that, in its evidence
and its jury arguments, the State attempted to unfairly prejudice the white jury with his past,
present, and future membership in racist black gangs. Specifically, he claims that the trial court
improperly allowed Sergeant Ricardo Vijil, Sergeant Mark Gibson, Sonia Watts, and Tonya
Prince to testify as to his gang membership, improperly allowed the admission of a letter he
wrote while incarcerated, and improperly allowed the prosecutor to refer to his gang membership
during the punishment phase of trial.

 "As a prerequisite to presenting a complaint for appellate review, the record must show
that (1) the complaint was made to the trial court ...." (4) The appellant has not satisfied this
prerequisite.

 During the punishment phase, the State introduced Exhibit 105-A, a letter written by the
appellant while in jail describing how he wanted to become a member of the Black Gorilla
Family prison gang. The appellant objected to the admission of the letter on the grounds that the
letter had been obtained in violation of county-jail regulations and state and federal laws. The
appellant never objected to the letter on Dawson or First Amendment grounds or even mentioned
gang membership in his objection. Similarly, when the State questioned Sergeant Vijil about
whether the appellant admitted that he was a member of a gang and Vijil answered affirmatively,
the appellant objected on hearsay grounds. The appellant never objected on Dawson or First
Amendment grounds or even mentioned gang membership in his objection. The appellant did not
preserve a constitutional claim with respect to the introduction of the letter into evidence or
Vijil's testimony because his objections at trial do not comport with the claim he now raises on
appeal.

 The appellant also complains about testimony by Sergeant Gibson. However, it was the
appellant who elicited testimony from Gibson about gang affiliation; when Gibson testified about
gangs, the appellant did not object. In regard to Watts's and Prince's testimony about gangs, the
appellant also made no objection. Similarly, the appellant made no objection to the State's
reference to his gang membership during its closing punishment arguments. Because the
appellant failed to object at trial, he has not preserved error for our review. Point of error one is
overruled.

 In his second point of error, the appellant argues that his "sentence of death is grossly
proportionate [sic] to the crimes committed in violation of the Eighth Amendment [to the] United
States Constitution (cruel and unusual--evolving standards of decency--proportionality)." He
asks this Court "to revisit [our] holdings in the light of legally evolving standards of decency"
and conduct a proportionality review. We have previously held that this Court does not conduct
proportionality reviews in this context. Ladd v. State, 3 S.W.3d 547, 574 (Tex. Cr. App. 1999),
cert. denied, 529 U.S. 1070 (2000). Point of error two is overruled. 

 In point of error three, the appellant complains that "the death penalty sentence violates
the Eighth Amendment [to the] United States Constitution (cruel and unusual)." We have
previously rejected this argument. Brooks v. State, 990 S.W.2d 278, 288 (Tex. Cr. App.), cert.
denied, 528 U.S. 956 (1999). Point of error three is overruled. 

 We affirm the judgment of the trial court.


En banc.

Delivered December 15, 2004.

Do Not Publish.
1. See Tex. Penal Code § 19.03(a)(7). 
2. See Tex. Code Crim. Proc. art. 37.071, § 2(g)
3. See id., § 2(h). 
4. Tex. R. App. P. 33.1 (a).